### United States v. Spiritos Music School

No. 4490.—Invoices dated Castelfidardo, Italy, July 27, May 28, 1936.
Certified August 5, June 3, 1936.
Entered at Cleveland, Ohio, February 17, 1937, June 26, 1936.
Entry Nos. 1112, 1454.

### Second Division, Appellate Term

(Decided January 10, 1939)

*Webster J. Oliver*, Assistant Attorney General (*Richard E. FitzGibbon* and *Daniel I. Auster*, special attorneys), for the appellant.
*A. R. Fiorette* for the appellee.

Before Tilson, Kincheloe, and Dallinger, Judges

Kincheloe, Judge: This is an application for review brought by the United States from a judgment rendered in these appeals to reappraisement by Judge Brown as sitting judge, dated October 21, 1938, Reap. Dec. 4423.

The merchandise involved consists of certain accordions from Italy. There are two types of these musical instruments covered by the shipments in question. One type is the so-called one register accordion which was invoiced and entered at $45 each. The other is the so-called three register accordion which was invoiced and entered at $55 each. The appraiser made an advance of $5 on each of the accordions covered by both shipments over the entered values.

In a very brief opinion, the court below held as follows:

There is some slight conflict of evidence, affidavits being filed by the importer and a special agent's report by the Government, but the weight of the evidence clearly shows and we accordingly find as facts herein:

(1) that there is no home foreign-market value for the merchandise;

(2) that the importer bought in the usual wholesale quantities;

(3) that the export values are the equivalent of the entered values, the purchase prices.

The entered values are therefore sustained.

The only oral testimony offered by the plaintiff at the trial below was that of the importer, who merely stated that he purchased the merchandise covered by the shipments in question at the prices set forth on the invoices. In addition to his testimony, there was also offered and received in evidence in support of the importer's contention an affidavit, the original of which is in the Italian language and was marked Exhibit 1, and the English translation of which was marked Exhibit 2. Said affidavit was collectively executed by four different persons whose identity is set forth therein as follows:

1) Capecci Giuseppe, son of the late Biambattista, 50 years of age, clerk, residing in Castelfidardo.

2) Ghirardelli Giuseppe, son of the late Luigi, 63 years of age, clerk, residing in Castelfidardo.

3) Petromilli Remo, son of the late Egiziano, 33 years of age, laborer, residing in Castelfidardo.

4) Salvucci Alfonso, son of Giuseppe, 37 years of age, proprietor, residing in Castelfidardo.

Without any testimony setting forth the qualifications of the witnesses, to show their familiarity with the merchandise in question and their experience in the trade dealing with such merchandise, the affidavit states:

that the price of the accordions on the days between May 21st and July 27th, 1936, was of $45 for those with one register, and of $55 for those with three registers, market price, exactly as shown on the bill of sale #94 dated May 28th, 1936, and on the bill of sale #143 of July 27, 1936, issued by the firm "Paolo Soprani & Sons" of this city.

The bills of sale referred to in the above-quoted portion of the affidavit are attached to the consular invoices covered by these two appeals to reappraisement.

In our judgment the lower court committed error in giving any probative value to the proof introduced on behalf of the importer. It utterly fails to establish the elements necessary to prove value in this court. There is no competent evidence of the existence of a foreign value or an export value for such or similar merchandise, or if both exist, which is higher. No competent proof was submitted to show the usual wholesale quantities in which such or similar merchandise was bought and sold in the ordinary course of trade at the times of

exportation of the instant merchandise. No evidence of probative value was offered to show the principal markets of the country of exportation for such or similar merchandise.

The Government offered in evidence, and it was admitted as Exhibit 4 by the court below, a duly certified special agent's report dated October 30, 1936, made by Treasury Attaché Bernard Wait. The examiner who passed the merchandise in question testified that said report was the basis for his finding of the appraised values:.

Said Treasury attaché reports that Castelfidardo, Italy, the location of the manufacturer and the place of shipment of the instant merchandise, is the principal market for these accordions; that no such or similar merchandise is sold in this foreign market; but "that the accordions manufactured for the American market are made expressly for each customer and that no stocks are maintained"; and that "the usual quantity of an order does not exceed 24 instruments." It will be observed that of the shipments involved herein one covers twenty-four accordions and the other forty-eight. The said Treasury attaché further reports that lower prices are allowed this importer than are given to some other concerns, in consideration of the annual quantities purchased. In support of that statement, there are set forth in the report sales to a Chicago importer at the same prices allowed the importer herein for the same consideration. In our opinion the report adds little, if any, support to the importer's case.

Counsel for the appellant concedes in his brief, and we heartily concur, that the said special agent's report does not strongly support the appraised values. However, the statute attaches a presumption of correctness to the action of the appraiser, and it is not incumbent upon the Government to support the appraised values by competent proof, in a case where the importer has failed to make out a *prima facie* case, as we find here.

In the case of *United States* v. *T. D. Downing Co.* (20 C. C. P. A. 251, T. D. 46057), the court said:

It is sufficient here to bear in mind that the importer having appealed, it was incumbent upon it to show (1) the foreign value and (2) the export value, to the end that the higher might be taken as the dutiable value, or to show (1) a foreign value and the non-existence of an export value, or (2) an export value and the non-existence of a foreign value. Being the appealing party, it was incumbent upon it "to meet every material issue involved in the case." *Meadows Wye & Co. (Inc.) et al.* v. *United States* 17 C. C. P. A. (Customs) 36, 42, T. D. 43324.

Our appellate court, in the case of *Chas. A. Johnson & Co.* v. *United States* (17 C. C. P. A. 107, T. D. 43432), held that where an importer, in his appeal to reappraisement, fails to introduce substantial evidence relevant to the issues in the case, such appeal to reappraisement should be dismissed. Since the importer herein failed to establish all the elements necessary to prove value, it is our opinion that the trial judge,

under the *Johnson* case, *supra,* should have dismissed these appeals to reappraisement.

The decision of the lower court is therefore reversed and the cause is hereby remanded to the sitting judge with directions to dismiss the appeals to reappraisement. Judgment will be rendered accordingly.